# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-CV-113-KDB-DCK

| | |
|---|---|
| STEVEN LEWIS, | ) |
|     Plaintiff, | ) |
| v. | )    **ORDER** |
| RANDOLPH SQUARE IP, LLC, RSIP MANAGEMENT, LLC, RSIP CAPITAL SERIES 1-C, LLC, BRUCE H. MATSON RSIP CAPITAL SERIES 1-D, LLC, ROBERT SMITH, RSIP CAPITAL SERIES 1-E, LLC, RSIP CAPITAL SERIES 1-F, LLC, and THEODORE B. LUSE II, | ) |
|     Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on Defendants' "Motion To Dismiss For Lack Of Personal Jurisdiction" (Document No. 8); Motion To Dismiss For Lack Of Subject Matter Jurisdiction" (Document No. 13); and "Motion To Dismiss For Failure to State A Claim" (Document No. 15) filed May 30, 2019. These motions were referred to the undersigned Magistrate Judge on June 14, 2019, and immediate review is appropriate. Having carefully considered the motions, the record, and applicable authority, the undersigned will direct that the pending motions to dismiss be <u>denied</u> as moot.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21

days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

## DISCUSSION

On June 5, 2019, the Honorable Graham C. Mullen allowed Plaintiff additional time, up to and including June 28, 2019, to file responses to Defendants' pending motions. (Document No. 18). Plaintiff then timely filed an "Amended Complaint" (Document No. 21) on June 28, 2019.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'"); Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendants' "Motion To Dismiss For Lack Of Personal Jurisdiction" (Document No. 8); Motion To Dismiss For Lack Of Subject Matter Jurisdiction" (Document No. 13); and "Motion To Dismiss For Failure to State A Claim" (Document No. 15) are **DENIED AS MOOT**.

**SO ORDERED**.

Signed: July 10, 2019

David C. Keesler
United States Magistrate Judge